UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CIRILIO LIMA SORIANO,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. 2:26-cv-00900-DGE

ORDER ON MOTION FOR ATTORNEY FEES (DKT. NO.15)

Before the Court is Petitioner's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 15.) As discussed below, Petitioner's motion is GRANTED. Furthermore, the fee award is STAYED pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223.

## I. LEGAL STANDARD

The Court assumes familiarity with the underlying facts of this case. Under the EAJA, the Court must award attorney fees to the prevailing party in an action such as this unless it finds the government's position was "substantially justified" or that "special circumstances make an

award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA creates a presumption that fees will be awarded to a prevailing party. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Supreme Court has interpreted the term "substantially justified" to mean that a prevailing party is not entitled to recover fees if the government's position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

## II. DISCUSSION

### A. Availability of EAJA Fees

As an initial matter, Respondents argue that the EAJA's limited waiver of sovereign immunity does not authorize attorney fees in habeas proceedings challenging immigration detention. (Dkt. No. 17 at 2–5.) Relying on *In re Hill*, 775 F.2d 1037 (9th Cir. 1985) and *Nadarajah v. Holder*, 569 F.3d 906 (9th Cir. 2009), the Court finds a petitioner may seek an award of fees under the EAJA. The Court also finds persuasive the several courts in this Circuit that have rejected Respondents' arguments. *See, e.g.*, *Morales Jimenez v. Bostock*, Case No. 3:25-cv-00570-MTK, 2026 WL 1893763, at *2 (D. Or. July 1, 2026); *N.A.L.C. v. Wofford*, Case No. 1:25-cv-01917-KES-CDB (HC), 2026 WL 1724739, at *2 (E.D. Cal. June 15, 2026); *Doe v. Chestnut*, Case No. 1:25-cv-01372-CDB (HC), 2026 WL 1459808, at *2 (E.D. Cal. May 25, 2026). As succinctly stated in *Morales Jiminez*, 2026 WL 1893763, at *2, the "plain test of the EAJA, as well as the substance of Petitioner's remedy, establish that this case is a 'civil action' under the EAJA and that the EAJA's wavier of sovereign immunity applies for purposes of attorney fees."

### B. Petitioner is the Prevailing Party and Respondents' Position was Not Substantially Justified

Because the Court granted Petitioner's petition for writ of habeas corpus and ordered him released from custody, Petitioner is a prevailing party. (Dkt. No. 10 at 12–13.); *Carbonell v.*

*I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citations omitted) (holding a litigant is a prevailing party if they both (1) achieve a material alteration in the legal relationship of the parties; and (2) the alteration is judicially sanctioned); *Buckhannon Bd. & Care Home Inc. v. W.V. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (holding a prevailing party is one who was awarded at least some relief by the court).

Furthermore, the Court found Petitioner's bond denial violated due process and that the Immigration Judge abused their discretion by providing no rationale concerning why Petitioner was allegedly a flight risk. (Dkt. No. 10 at 8–11.) Such findings indicate Respondents' position was not substantially justified. Furthermore, "[i]t is the government's burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Respondents do not dispute that Petitioner was the prevailing party (Dkt. No. 17 at 1–2), they have made no showing that their position was substantially justified, and nothing in the record suggests "special circumstances" that would "make an award unjust." Petitioner is therefore entitled to attorney fees.[1]

**C. Respondents' Request to Stay**

Respondents argue the Court should stay enforcement of any fee award pending the Supreme Court's decision in *Palacios v. Liggins*, Case No. 25-1223. (Dkt. No. 17 at 9–10.)

The question presented in *Palacios* is whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. Thus, Respondents seek to hold Petitioner's fee award in abeyance until after the Supreme Court's decision.

[1] Respondents do not challenge the reasonableness of either the hours worked by Petitioner's attorneys or the rates charged by them. (*See* Dkt. No. 17.)

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–864.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Respondents argue that *Palacios* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to

challenge civil immigration detention. *See Palacios*, No. 25-1223. Petitioner cites Ninth Circuit precedent for the proposition that EAJA is applicable to habeas corpus proceedings in the immigration context and notes that other district courts in this circuit have awarded EAJA fees in these cases. (Dkt. No. 18 at 1–5.)

"In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014). Here, the Court agrees with Respondents that a decision in *Palacios* is likely to save significant judicial resources, as it could provide guidance on the availability of attorney fees under the EAJA. On balance, the Court finds that it would be in the interest of judicial economy to hold the award of fees in abeyance pending the decision in *Palacios v. Liggins.*

**III. ORDER**

Petitioner's motion for fees brought under the EAJA (Dkt. No. 15) is GRANTED. It is ORDERED that:

1. An amount of **$6,173.20** SHALL be awarded to Petitioner pursuant to the EAJA, but enforcement of the award is STAYED pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223.

   The Parties are DIRECTED to file a joint status report within fourteen (14) days after the Supreme Court issues its opinion in *Palacios*.

Dated this 1st day of September, 2026.

David G. Estudillo
United States District Judge